*E-Filed 8/24/11*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD UNQUERA, | No. C 11-4121 RS (PR) |
| Petitioner, | **ORDER DISMISSING PETITION WITH LEAVE TO AMEND** |
| v. | |
| BOB DOYLE, | |
| Respondent. | |

**INTRODUCTION**

This is a federal habeas corpus action filed pursuant to 28 U.S.C. § 2254 by a *pro se* state prisoner. The petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases. Petitioner has paid the filing fee.

**DISCUSSION**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted,

unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

Petitioner challenges his state convictions for driving under the influence and driving under a suspended license.  As grounds for federal habeas relief, he alleges that his sentences should run concurrently, rather than consecutively.  The petition is DISMISSED with leave to amend for two reasons.  First, he has not stated a claim for federal habeas relief.  "The decision whether to impose sentences concurrently or consecutively is a matter of state criminal procedure and is not within the purview of federal habeas corpus." *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994).  Federal habeas relief is unavailable for violations of state law, even if state law was erroneously interpreted or applied.  *See Swarthout v. Cooke*, 131 S. Ct. 859, 861–62 (2011).

Second, it appears petitioner has not exhausted his state judicial remedies prior to filing this action.  Indeed, petitioner states that no action was filed.  Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515–16 (1982).

The petition is DISMISSED with leave to amend.  Petitioner shall file an amended petition within 30 days from the date this order is filed.  In this amended petition, petitioner must show that (1) his claims are cognizable on federal habeas review, and (2) that he has exhausted his state judicial remedies.  The first amended petition must include the caption and civil case number used in this order (11-4121 RS (PR)) and the words FIRST AMENDED PETITION on the first page.  Because an amended petition completely replaces the previous petitions, petitioner must include in his first amended petition <u>all</u> the claims he

wishes to present.  Petitioner may <u>not</u> incorporate material from the prior petition by reference.  Failure to file an amended petition in accordance with this order will result in dismissal of this action, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute.

**IT IS SO ORDERED**.

DATED:  August 24, 2011

_____
RICHARD SEEBORG
United States District Judge